# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4261 | **DATE** | July 31, 2008 |
| **CASE TITLE** | U.S. ex rel. Eugene Rhoiney (A-15243) v. McCann | | |

**DOCKET ENTRY TEXT:**

The Petitioner has paid the required filing fee. However, Petitioner is ordered to show good cause in writing why his *habeas corpus* petition should not be dismissed as time-barred. Failure to show good cause within twenty-one days of the date of this order will result in summary dismissal of this petition for a writ of *habeas corpus* pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

# STATEMENT

Petitioner Eugene Rhoiney, a state prisoner, has filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first degree murder on the grounds: (1) that the police lacked probable cause to arrest Petitioner, (2) he was a victim of selective prosecution, (3) the indictment and his conviction were based on false police reports, (4) he was denied due process of law, and (5) ineffective assistance of trial and appellate counsel. Petitioner has paid the required filing fee. However, Petitioner is ordered to show cause why his petition for a writ of *habeas corpus* should not be dismissed as untimely.

Petitioner was convicted of first degree murder on September 26, 1989. His direct appeal was denied on June 28, 1993, and his petition for a writ of *certiorari* to the Illinois Supreme Court was denied on February 2, 1994. Petitioner's latest state-court post-conviction petition was denied on March 28, 1994. Petitioner indicates that his direct appeal regarding his post-conviction petition was denied on December 27, 1995, and his subsequent petition for a writ of *certiorari* to the Illinois Supreme Court was denied on April 5, 1995 (the date of the denial of the direct appeal and/or denial of the petition for a writ of *certiorari* are incorrect because the denial of the petition for a writ of *certiorari* cannot be prior to the date of the denial of the direct appeal). The federal petition for a writ of *habeas corpus* now before the Court was received on July 28, 2008.

JJD

**STATEMENT (continued)**

Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2). However, because the AEDPA's one-year statute of limitations did not become effective until April 24, 1996, the Seventh Circuit recognized a one-year grace period for filing federal habeas, that is, April 23, 1997. *See Gendron v. Ahitow*, 154 F.3d 672, 675 (7th Cir. 1998); *cert. denied sub nom. Ahitow v. Glass*, 526 U.S. 1113 (1999); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) *rev'd on other grounds*, 521 U.S. 320 (1997) (the § 2244(d) statute of limitation applies to all habeas corpus petitions filed after April 23, 1997). Petitioner therefore had until April 23, 1997, to file his federal habeas unless the statute of limitations was tolled.

Petitioner has not identified any facts that would toll the one-year period of limitations. Based on the latest date of review provided by the Petitioner – December 27, 1995 – his petition for a writ of *habeas corpus* would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, Petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of *habeas corpus* pursuant to Rule 4 of the Rules Governing Section 2254 Cases.