# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4261 | **DATE** | August 21, 2008 |
| **CASE TITLE** | Eugene Rhoiney (A-15243) vs. McCann | | |

**DOCKET ENTRY TEXT**

The Court summarily dismisses the petition for a writ of *habeas corpus* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's motion for appointment of counsel [5] and application to proceed *in forma pauperis* [4] filed in support of his motion for appointment of counsel are denied as moot. The Clerk is directed to enter judgment dismissing the petition.

■[For further details see text below.]      Docketing to mail notices.

## STATEMENT

      On July 31, 2008, the Court ordered petitioner Eugene Rhoiney to show cause why his petition for a writ of habeas corpus should not be dismissed as untimely. Mr. Rhoiney responded in a letter dated July 11, 2008. His response primarily consists of argument regarding the merits of his claims. As to the timing of his court filings, Mr. Rhoiney states that he has had difficulty with length of time his appointed counsel has taken in his appeals in state court. He also suggests that his filing, at various times, of several state post-conviction petitions makes his habeas corpus petition timely.

      Under a provision added to the habeas corpus statute by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates: the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review; the date on which an impediment to filing an application that was created by unconstitutional state action was removed; the date on which the Supreme Court first recognized the constitutional right asserted, if that Court made the right retroactively applicable to cases on collateral review; or the date on which the factual basis of the claim or claims presented could have been discovered through the exercise of due diligence.

      The one year statute of limitations tolls - in other words, the clock stops running - during any period when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. ..." 28 U.S.C. § 2244(d)(2).

      Because AEDPA's one-year statute of limitations did not become effective until April 24, 1996, the Seventh Circuit recognized a one-year grace period for filing federal habeas, that is, April 23, 1997. *See Gendron v. Ahitow*, 154 F.3d 672, 675 (7th Cir. 1998); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) *rev'd on other grounds*, 521 U.S. 320 (1997) (the § 2244(d) statute of limitation applies to all habeas corpus petitions filed after April 23, 1997). In other words, if the clock was already running or had run out as of the date the one-year statute of limitations took effect, the petitioner still had one full year from the statute's

**STATEMENT**

effective date to file his habeas corpus petition.

As set forth in the Court's previous order, Mr. Rhoiney was convicted of first degree murder on September 26, 1989. His conviction and sentence were affirmed on direct appeal on June 28, 1993, and his petition for leave to appeal to the Illinois Supreme Court was denied on February 2, 1994. Mr. Rhoiney says he did not file a petition for certiorari with the United States Supreme Court.

While the appeal process was ongoing, Mr. Rhoiney filed a motion for collateral relief under section 2-1401 of the Illinois Code of Civil Procedure. This motion, filed in October 1993, was denied in January 1994, and the ruling was upheld on appeal on October 6, 1994.

Mr. Rhoiney filed a state post-conviction petition on March 17, 1994; the petition was denied on March 28, 1994. The denial of the petition was affirmed on appeal on December 27, 1994, and the Illinois Supreme Court denied leave to appeal on April 5, 1995.

Because Mr. Rhoiney had a direct appeal and/or properly filed state petitions for collateral review pending all the way through April 5, 1995, the statute of limitations - which, as the Court has noted, did not even exist until about a year later - did not begin to run until that date. As a result, under the cases cited earlier, Mr. Rhoiney had until April 23, 1997, one year after the statute of limitations took effect, to file his federal habeas corpus petition. He did not file the present petition, however, until July 2008, more than eleven years after the clock had run out.

From other documents that Mr. Rhoiney has filed, setting forth the history of his state court proceedings, it appears that Mr. Rhoiney filed an additional state post-conviction petition on May 2, 1998; that petition was dismissed on June 6, 1998. Mr. Rhoiney appealed, and the appeal was concluded on July 5, 2000. In April 2005, Mr. Rhoiney filed another state-court post-conviction petition. It is not clear from Mr. Rhoiney's filing with the Court whether he is contending that the filing of these later post-conviction petitions should affect the Court's consideration of the timeliness of his federal habeas corpus petition. To the extent Mr. Rhoiney is making such an argument, the Court rejects it. Both of these later post-conviction petitions were filed after the one-year limitations period under AEDPA had already expired; no provision of the habeas corpus law permits the revival of an already-expired limitations period based on a later-filed state post-conviction petition.

Mr. Rhoiney's contention that his appointed appellate counsel delayed unduly in filing briefs on appeal or in asking permission to withdraw as his lawyer does not affect the timeliness of the habeas corpus petition, because the one-year clock stopped during the entire time in which his state-court appeals were pending. As the Court has noted, Mr. Rhoiney's petition was filed many years too late even if all the appeal time is excluded from the calculation.

In his submission, Mr. Rhoiney has identified no basis for tolling the one-year limitations period enough to make his federal habeas corpus petition timely. For this reason, his petition for a writ of habeas corpus is time-barred. Accordingly, after preliminary review, the Court summarily dismisses the petition for a writ of *habeas corpus* pursuant to Rule 4 of the Rules Governing Section 2254 Cases and directs the Clerk to enter judgment dismissing the petition.